■ In the Matter of SALVATORE EMBARRATO, Appellant, against FRANCIS W. H. ADAMS, as Commissioner of the Police Department of the City of New York, et al., Respondents.— The allegations of the amended petition having been admitted for the purposes of this motion, the petition, which appears to be sufficient, should not have been dismissed. In the absence of answer by respondent police commissioner, it cannot be said that petitioner would not be entitled to some relief. Order granting respondents' motion to dismiss the amended petition herein, and order dismissing petitioner's amended petition, unanimously reversed, with $20 costs and disbursements to the appellant, with leave to the respondents to answer. Settle order on notice. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.

■ JOSEPH MALUS, Respondent, v. SPERRY-RAND CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. There was error in the charge respecting the failure to call one Haley, but we think the error was not of sufficient consequence to warrant reversal of the judgment and the granting of a new trial. We may not consider the question of privilege since the defendant did not take the necessary steps to develop the evidence or require the submission of the question to the jury by way of request or exception. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ. [See post, p. 967.]

■ In the Matter of the Construction of the Will of LOUIS PASCHKES, Deceased. MARKS F. PASKES, Appellant; ANITA PASCHKES, Respondent.— Decree unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ. [2 Misc 2d 677.]

■ ALFRED STRAUSS, Respondent, v. JACK LINSKY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.

■ FRANK EXPORT-IMPORT CORPORATION, Respondent, v. ELOF HANSSON, INC., Appellant.— The amended complaint alleges that plaintiff was to procure a customer for the defendant who was ready, able and willing to purchase newsprint at specified prices f.o.b. Bremen and/or Antwerp. The allegations of performance on plaintiff's part are that he procured a purchaser at the requested prices, nothing being alleged as to the f.o.b. feature. Plaintiff asserts that paragraph 11 of the complaint sufficiently alleges the inclusion of that term in the undertaking the purchaser was ready, able and willing to assume. But the reference in that paragraph to the "terms aforesaid" is equivocal, and it is not clear that the allegation encompasses more than the terms set forth in paragraph 8 of the complaint, which makes no reference to the f.o.b. provision. The complaint would not be sufficient unless it alleged that the f.o.b. term was included in the undertaking of the purchaser. Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted and the complaint dismissed with leave to the plaintiff to replead. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.

■ In the Matter of the Probate of the Will of LOUISA GETTO, Deceased. META STAUDTE, as Surviving Executrix of LOUISA GETTO, Deceased, Respondent; JOHANNA FABRICIUS et al., Appellants.— Decree unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN E. LAIN, Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.