OPINION OF THE COURT
John J. Clabby, J.
This is a motion to inspect the Grand Jury minutes and *1079 dismiss the indictment on the grounds that the evidence adduced before the Grand Jury is incompetent and therefore unlawful. More specifically, that the information before the Grand Jury is in violation of the defendant’s physician-patient privilege, as stated in CPLR 4504. For the reasons set forth, the motion is denied in all respects.
On May 28, 1986 at approximately 8:00 p.m., the defendant was admitted to Elmhurst General Hospital and surgery was performed on her to remove approximately 70 packets of cocaine. The information before the Grand Jury basically states that a nurse witnessed the doctor remove surgically approximately 70 packets of cocaine. The nurse further testified that she then turned the controlled substances over to the hospital police. Further evidence reveals that the hospital police then turned the packets over to the New York City Police Department.
CPLR 4504, commonly known as the physician-patient privilege statute, more or less, states that no physician or nurse shall disclose any communication concerning a patient without the patient’s actual waiver, and reads as follows: "(a) Confidential information privileged. Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing or dentistry shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.”
Clearly, the testimony of the administrative nurse before the Grand Jury falls within the meaning of section 4504. However, I am of the opinion that an individual who carries or possesses 70 packets of cocaine within her body should not benefit from this statutory privilege. This is a situation where the rights of the public have to be compared to the purpose of confidentiality posed in the legislative enactment of the physician-patient privilege law.
Recently, in the case of Matter of Grand Jury Subpoena Duces Tecum (Y., M. D., P. C.) v Kuriansky (69 NY2d 232), the Court of Appeals stated that there are exceptions to the physician-patient privilege within the meaning of CPLR 4504. Under several circumstances it has stated that the public interest is superior to that of the legislative physician-patient privilege. In the case cited above, it involved a Medicaid fraud. There was an effort to subpoena the doctor’s records, and that *1080 court decided that the interest of the public, and the need of the Federal Government to keep accurate records, removed the privilege. In Judge Simons’ dissent, in part, justifying the exception of physician-patient privilege, he stated: "Our decision was based upon the public’s strong interest in discovering and punishing such frauds, upon the relationship between the State and Federal Governments in Medicaid matters, and upon our determination that the statutory record-keeping requirements of the Federal Government superseded the State’s statutory privilege (for similar statutes superseding CPLR 4504 see, Family Ct Act § 1046 [a] [vii]; Public Health Law § 3373).” (69 NY2d, at 243.)
Our case law and our Legislature have created exceptions from CPLR 4504 (a), e.g., the existence of gunshot wounds; Penal Law § 265.25; Family Court Act; Vehicle and Traffic Law, and in this case, the Public Health Law.
Section 3373 of the Public Health Law states, in pertinent part: "For the purposes of duties arising out of this article, no communication made to a practitioner shall be deemed confidential within the meaning of the civil practice law and rules relating to confidential communications between such practitioner and patient.” Public Health Law § 3304 (a) makes it unlawful to possess a controlled substance, and reads as follows: "It shall be unlawful for any person to manufacture, sell, prescribe, distribute, dispense, administer, possess, have under his control, abandon, or transport a controlled substance”.
The Court of Appeals has specifically stated that section 3373 of the Public Health Law is an exception to CPLR 4504 (a). I find as a matter of law that section 3373 is applicable to article 220 of the Penal Law. It appears to me that it was the intent of this statute, and the intent of the Court of Appeals to make the Public Health Law applicable to offenses involving narcotic and controlled substances. It is in the public’s interest that doctors disclose the existence of controlled substances that are not readily accountable for. In an examination of the facts of this case, if the doctor or nurse turned over the narcotic substances without any explanation, it is conceivable that they, themselves, may have been arrested for the illegal possession of a controlled substance.