■ In the Matter of ORLANDO RIVERA, Appellant, v THOMAS COUGHLIN et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility, dated August 8, 1985, which, after a Tier III disciplinary hearing, found the petitioner guilty of violating departmental rule 113.13, involving the use of drugs, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Weiner, J.)

dated May 29, 1986, which confirmed the determination and dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, a prison inmate, was charged with using narcotics after having been discovered unconscious in his cell. Medical tests administered at a private hospital disclosed that the petitioner had ingested morphine. The petitioner was found guilty after a hearing and the finding was affirmed on administrative appeal.

The petitioner's claim of privilege with respect to his medical records is without merit. A claim of privilege cannot be raised for the first time on appeal *(Malus v Sperry-Rand Corp.,* 2 AD2d 877, *rearg denied, lv denied* 2 AD2d 967, *lv dismissed* 2 NY2d 851). In addition, the physician-patient privilege was waived by the petitioner's failure to object to the introduction of his medical records at the outset of the hearing *(see,* CPLR 4504; *Hughson v St. Francis Hosp.,* 93 AD2d 491). Moreover, the petitioner's voluntary disclosures at the hearing concerning his medical condition and treatment destroyed any privilege which might have attached to the relevant medical records *(see, Riccardi v Tampax, Inc.,* 113 AD2d 880, 881; *Herbst v Bruhn,* 106 AD2d 546, 549). Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.