■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FIDEL FIGUEROA, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered January 27, 1989,

convicting defendant upon his guilty plea, of criminal possession of a controlled substance in the second degree, and sentencing him to an indeterminate term of imprisonment of eight years to life, is unanimously affirmed.

Defendant's claim that denial of his motion to dismiss the indictment on the ground that evidence insulated by CPLR 4504 (a) was presented to the Grand Jury, as well as his asserted constitutional claims, has not been preserved for appellate review. (CPL 470.05 [2]; *People v Iannelli,* 69 NY2d 684, 685, *cert denied* 482 US 914.) Although a plea of guilty does not forfeit all right to challenge the Grand Jury proceedings *(People v Pelchat,* 62 NY2d 97, 108), a claim based on CPLR 4504 (a) is waived as it does not raise a jurisdictional claim *(People v Buttiglione,* 125 AD2d 323). Appellant's motion papers did not specifically rely on either the State or the Federal Constitution, hence his unspecified claims under the Fifth and Fourteenth Amendments and NY Constitution, article I, § 6 are deemed waived. *(People v Iannelli, supra.)*

In any event, with respect to this latter claim of infringement of constitutional rights, we note that the privilege embodied in CPLR 4504 (a) is not of constitutional dimension, but is rather "a creature of statute * * * made applicable to criminal actions by CPL 60.10". *(People v Al-Kanani,* 33 NY2d 260, 264, n, *cert denied* 417 US 916.)

Assuming, arguendo, that appellant's claim had not been forfeited by his guilty plea, we would still reach the same conclusion.

The physician-patient privilege set forth in CPLR 4504 is purely a creation of the New York State Legislature, unknown to the common law *(see, Dillenbeck v Hess,* 73 NY2d 278, 283-286). Accordingly, when the Legislature later enacted Public Health Law § 3373, it abrogated the privilege as to controlled substances. The Court of Appeals has recognized this express exemption to the physician-patient privilege, among others. *(See, Matter of Grand Jury Investigation of Onondaga County,* 59 NY2d 130, 135-136.)

Consequently, when illicit drugs are recovered during surgery performed on the defendant who has swallowed condoms containing drugs to smuggle them into this jurisdiction, the physician-patient privilege of CPLR 4504 does not apply since it is expressly superceded by Public Health Law § 3373. This section provides: "§ 3373. Confidential Communications. For the purposes of duties arising out of this article, no communication made to a practitioner shall be deemed confidential

within the meaning of the civil practice law and rules relating to confidential communications between such practitioner and patient."

In determining what "purposes of duties arising out of this article" (Public Health Law art 33) means it is helpful to read Public Health Law § 3304 (1) and § 3304 (a). Both sections expressly state: "§ 3304. Prohibited acts. 1. It shall be unlawful for any person to manufacture, sell, prescribe, distribute, dispense, administer, *possess, have under his control,* abandon, *or transport* a controlled substance except as expressly allowed by this article." (Emphasis added.)

When defendant possessed and transported the cocaine into the Bronx he was committing an act which the Public Health Law prohibits as a part of its stated objective of regulating controlled substances.

Section 3387 (1) of article 33 of the Public Health Law relating to seizure and forfeiture of controlled substances states in pertinent part: "Any controlled substance * * * which has been manufactured, distributed, dispensed or acquired in violation of this article, or the lawful possession of which cannot be immediately ascertained * * * may be seized by * * * a police officer and shall be forfeited, and disposed of as follows". When the surgeon herein notified the police that defendant was illegally in possession of cocaine, he acted in accordance with the duty imposed upon him by article 33 of the Public Health Law.

A strict reading of the provisions of the law compels the conclusion that the physician-patient privilege is abrogated as to drugs possessed in contravention of the Public Health Law. A similar conclusion must be reached with respect to the applicability of the abrogation of the privilege to the Penal Law. The Legislature intended that criminal penalties should attach to drugs possessed in violation of the Public Health Law. This is seen in the fact that when the Legislature defined controlled substances for the purpose of Penal Law article 220, it incorporated the definitions of those drugs contained in Public Health Law § 3306 (L 1972, ch 878; Penal Law § 220.00 [5]). Read together, *in pari materia,* as they must be, they clearly evince the intent of the Legislature to establish the public policy of the State with respect to the reporting and seizure of controlled substances and the limited abrogation of the physician-patient privilege to facilitate this desired end. The State's expressed policy in the Public Health Law which clearly calls for such abrogation of the privilege should

not be controverted in the interpretation of the Penal Law inasmuch as both laws, in tandem, are designed to reinforce the single State policy of eradicating the illicit possession of controlled substances. *(See, People v Brown,* NYLJ, June 25, 1990, at 27, col 6; *People v Gomez,* 147 Misc 2d 704; *People v Fonseca,* 134 Misc 2d 1078; *but see, People v Saaratu,* 143 Misc 2d 1075.)

Again, even assuming arguendo, that defendant's claims were not waived by the plea of guilty or his failure to raise them at Criminal Term, and assuming the provisions of the Public Health Law set forth *supra,* do not apply to defendant, defendant by voluntarily confessing to the police, waived the protection of the physician-patient privilege *(see, e.g. Matter of Rivera v Coughlin,* 133 AD2d 694). Thus, at the time it was presented to the Grand Jury, the disputed evidence was not privileged in any event. Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.