■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLF SCOTT, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered June 15, 1989, convicting defendant of robbery in the third degree, and sentencing him as a second felony offender to an indeterminate prison term of from 2½ to 5 years, unanimously affirmed.

The proof at trial established that defendant forced his way into his mother's apartment, pushed and kicked her and repeatedly demanded money, until finally, fearful of what he might do to her, she gave him what little cash she had in her pocket and he left. She immediately called 911 requesting police assistance.

Defendant urges this Court to reverse his conviction based on two alleged errors committed by the trial court. First, he claims that he was denied his right to confront the witness against him by the trial court's pre-trial ruling that if defen-

dant introduced a portion of the 911 call that defendant was merely "harassing" his mother, the People would be permitted to elicit the remainder of the statement that defendant was "on crack." He now claims for the first time that this decision prevented him from using the statement at all. Defendant has not preserved this issue for appellate review, however, because of his utter failure to alert the trial court as to the purpose and alleged importance of this prior statement, either before or after the court's ruling; nor did counsel give the slightest indication that the court's ruling would prevent defendant's use of the statement (CPL 470.05 [2]; *People v Figueroa,* 173 AD2d 156). In any event, the introduction of the remainder of the call would have properly served to clarify the excerpt and place it in context *(see, e.g., People v Melendez,* 55 NY2d 445, 451-452).

Defendant's second claim, that the court incorrectly admitted evidence of prior thefts from his mother, must also be rejected. That evidence was properly permitted for the limited purpose of establishing the intent element of the burglary charge, of which defendant was ultimately acquitted. Defendant suggests, however, that the jury must also have considered the prior acts in deliberating on the robbery charge. It is hard to see how defendant could have been prejudiced, however, when the jury clearly was able to follow the court's thorough instructions regarding the limited purpose of that testimony, as indicated by the acquittal of burglary. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.