■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LESTER BATTICE, Also Known as BATTICE LESTER, Appellant.— Judgment, Supreme Court, New York County (Nicholas Figueroa, J., at hearing; Albert Williams, J., at trial), rendered November 16, 1990, convicting defendant, after a jury trial, of two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a predicate felony offender, to concurrent terms of imprisonment of 4½ to 9 years, unanimously affirmed.

Police officers, responding to a report of a burning building, saw defendant standing on the stoop of the building, and gave chase when he turned and ran into the building after they told him to move behind a fire line across the street with all the other civilians. During the pursuit, defendant abandoned quantities of cocaine which, he claims, were illegally seized because the police pursuit of him was without indication of criminality or evidence that it was necessary to ensure his safety.

Defendant initiated the chase by conduct that manifestly placed him in danger. Clearly, the police were acting pursuant to their public safety responsibilities rather than criminal law enforcement concerns and, as such, *People v De Bour* (40 NY2d 210) is inapt for purposes of determining the propriety of the pursuit and subsequent seizure *(see, People v Hollman,* 79 NY2d 181). We agree with the hearing court that the pursuit was a proper exercise of the officers' public safety responsibilities, and that the seizure of the cocaine was proper, since it had been abandoned by defendant during the brief pursuit.

Defendant's challenge of the court's ruling that allowed him to cross-examine a police officer concerning a prior inconsistent statement without disallowing the People from establishing on redirect examination that the statement was made to defendant's parole officer, is unpreserved, defendant never having indicated that the ruling would prevent him from cross-examining the police officer *(People v Scott,* 176 AD2d 184, *lv denied* 79 NY2d 864), and we decline to review in the interest of justice. Concur—Murphy, P. J., Carro, Milonas, Wallach and Smith, JJ.