■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SINSKI, Appellant. [633 NYS2d 72] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered October 26, 1993, convicting him of criminal possession of a forged instrument in the second degree, falsifying business records in the first degree, and fraud and deceit (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant sought dismissal of the indictment on the ground that it was based upon evidence obtained in violation of his physician-patient privilege (see, CPLR 4504). The trial court properly denied the motion since the privilege is abrogated "[f]or the purposes of duties arising out of [article 33 of the Public Health Law]" (Public Health Law § 3373; see, People v Figueroa, 173 AD2d 156). Contrary to the defendant's contention, for the exception to the privilege to apply, it is not essential that a practitioner initiate contact with law enforcement officials by reporting a suspected drug abuser (see, Public Health Law § 3372). To conclude otherwise would insulate from prosecution a patient such as the defendant who hides from a practitioner the fact that he is receiving drugs from another practitioner (see, Public Health Law § 3397 [4]). This would frustrate the purpose of the statutory scheme (see, Matter of Camperlengo v Blum, 56 NY2d 251). Furthermore, the defendant's conduct in acquiring and possessing various controlled substances in violation of Public Health Law article 33

abrogated the privilege in this case (*see*, Public Health Law § 3397 [1] [a]; [4]).

The defendant's remaining contentions are without merit. Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.