■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TAYO, Appellant. [18 NYS3d 625]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered August 14, 2013, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made when, midway through their case, the People introduced a previously undisclosed confession that defendant made to a health care worker at a hospital

where he was being treated for a suicide attempt. This statement tended to corroborate a similar confession that defendant made to a detective shortly thereafter. It is undisputed that the People had no statutory duty to disclose this statement, because it was not made to anyone connected with law enforcement (*see* CPL 240.20 [1] [a]), and because no *Rosario* material was involved. Defendant nevertheless complains that his due process right to a fair trial was violated by the timing of the disclosure, because he would have formulated a different defense had he known the People intended to introduce a confession to a civilian witness. However, we find no evidence of deceit or trickery on the part of the People, and defendant's claim of prejudice is unpersuasive. Unlike the situation in *People v Kelley* (19 NY3d 887, 889 [2012]), there was no misrepresentation that the undisclosed evidence did not exist, and the trial had not progressed to the point where defendant could not have adjusted his defense, or requested less drastic relief than a mistrial.

Defense counsel did not object to the health care worker's testimony on the ground of physician-patient privilege, and we decline to review this unpreserved claim in the interest of justice. Defendant's claim that his counsel rendered ineffective assistance by failing to raise this issue is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (*see People v Rivera,* 71 NY2d 705, 709 [1988]; *People v Love,* 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *Strickland v Washington,* 466 US 668 [1984]). Defendant has not shown that failure to raise the privilege issue fell below an objective standard of reasonableness, or that it deprived defendant of a fair trial or affected the outcome of the case. Counsel could, among other things, have reasonably concluded that the privilege was waived or inapplicable under the facts presented. Likewise, defendant had not shown that an objection based on the privilege would have succeeded (*see e.g. People v Figueroa,* 173 AD2d 156, 159 [1st Dept 1991], *lv denied* 78 NY2d 1075 [1991]).

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.