■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DAMON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 21, 1987, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a Sandoval hearing (People v Sandoval, 34 NY2d 371), the trial court held that if the defendant chose to testify, the prosecutor would be permitted to cross-examine him concerning whether he had been convicted of a felony in 1973 (but not the type of conviction [attempted robbery] or the underlying facts), whether he had been convicted of rape in 1977 (but not the underlying facts), and only the underlying facts of a youthful offender adjudication involving a burglary in 1973 (but not the actual adjudication). In addition, the trial court held that while the prosecutor could not, as part of his direct case, introduce evidence of certain drug paraphernalia found on the defendant's person at the time of his arrest, the prosecutor could cross-examine the defendant concerning such evidence.

Contrary to the defendant's contention, we find no error in the trial court's Sandoval ruling. It is clear that the trial court did, in fact, balance the probative worth of the impeaching material on the issue of the defendant's credibility against the risk that it might be taken as an indication of a propensity to commit the crime charged (see, People v Rahman, 46

NY2d 882; *People v Monahan,* 114 AD2d 380, *lv denied* 67 NY2d 654). Further, the prior convictions were not so remote in time as to mandate preclusion in light of the defendant's extensive periods of incarceration in the intervening years *(see, People v Scott,* 118 AD2d 881, *lv denied* 67 NY2d 1056). In addition, the defendant failed to demonstrate that the prejudicial impact of permitting questioning as to whether he possessed drug paraphernalia at the time of arrest was outweighed by the probative value thereof as to warrant its exclusion *(see, People v Duffy,* 36 NY2d 258).

We have considered the defendant's claim that his sentence was excessive and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.