■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 19, 1986, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that certain inconsistencies rendered the complainant's testimony incredible. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Furthermore, the trial court did not improvidently exercise its discretion in ruling that the prosecutor could cross-examine the defendant with respect to two of five prior crimes in the event that he elected to testify *(see, People v Sandoval,* 34 NY2d 371). Significantly, both convictions which the court declined to preclude involved theft-related offenses, and demonstrated the defendant's willingness to place his own interests ahead of the interests of society *(see, People v Sandoval, supra; People v Branch,* 155 AD2d 475). Moreover, the prior convictions were not so remote in time as to mandate preclusion *(see, People v Salcedo,* 133 AD2d 129; *see also, People v Damon,* 150 AD2d 479).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review, or are without merit. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.