■ The People of the State of New York, Respondent, v Donovan Sampson, Appellant. [607 NYS2d 290] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered June 26, 1991, convicting defendant, after jury trial, of burglary in the second degree, and sentencing him to a term of 3⅓ to 10 years, unanimously affirmed.

The trial court appropriately exercised its discretion in denying defendant's motion for a mistrial on the ground that alleged juror misconduct precluded "true deliberation". After being alerted to a spirited dispute between juror No. 3 and the jury foreperson, the court promptly ascertained that the exchange represented no more than a manifestation of "the heightened atmosphere in which the jury's decision-making process takes place" *(People v Redd,* 164 AD2d 34, 37), and issued supplemental instructions that served to dissipate any hostility during deliberations and eliminate any likelihood of prejudice to the rights of defendant *(People v Castillo,* 144 AD2d 376, 377, *lv denied* 73 NY2d 890, citing *People v Brown,* 48 NY2d 388, 394). Defendant's current claim that he was denied his right to a jury of 12 because the complaining juror was left out of some portion of the jury deliberations and merely acquiesced in the verdict is unsupported by the record, which indicates that each juror confirmed the verdict as his or hers during a subsequent jury poll.

Defendant's claim that the trial court's acting in concert charge did not appropriately convey to the jury that a guilty verdict required that all elements of each crime charged, including intent, be proved by the People beyond a reasonable doubt is belied by the record. In fact, the court repeatedly instructed the jury that the element of intent must be satisfactorily proved with respect to each defendant, and reminded the jury of all applicable definitions, including intent, when instructing that the People were required to prove beyond a reasonable doubt each element of each crime submitted.

We note that defendant was ineligible for youthful offender treatment as he was 19 years old at the time of the crimes charged (CPL 720.10 [1]), and we perceive no abuse of discretion in sentencing *(People v Farrar,* 52 NY2d 302). Concur—Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.