■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY SCOTT, Appellant. [624 NYS2d 42] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 2, 1993, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of the jury's deliberations in this case, the trial court received a note from a juror in which that juror complained of other jurors yelling at him and, further, that "[i]t seem[ed] like they want to beat me". In response thereto, the court gave the entire jury a lengthy supplemental instruction regarding, among other things, the need for all jurors to accord each other mutual respect while deliberating. The court further stressed that, *inter alia,* the deliberative process was a difficult one and was not to be "done in a climate in which any member of the jury feels physically threatened or intimidated or harassed in any way". The

verdict of guilty was thereafter rendered. When the jury was polled, the subject juror embraced the verdict without equivocation.

"It has long been the law in this State that the trial court, in responding to jury inquiries, must give meaningful supplemental instructions" *(People v Malloy,* 55 NY2d 296, 301, *cert denied* 459 US 847). In this instance, upon receipt of the juror's communication there arose an obligation on the part of the court to respond to it *(see, People v Lavender,* 117 AD2d 253). Contrary to the defendant's contention, the Supreme Court's response to the juror's note was meaningful and sufficiently addressed the problem which motivated the written communication *(cf., People v Rukaj,* 123 AD2d 277; *cf., People v Lavender, supra).* Moreover, since the juror's concerns were manifest in the note, there was no need for the court to interview the juror in formulating its response thereto *(cf., People v Tufano,* 124 AD2d 688).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.