■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE CHAPMAN, Also Known as PARIS JAMES, Appellant. [631 NYS2d 838] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered June 3, 1992, convicting defendant, after a jury trial, of attempted murder in the second degree, two counts of robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to terms of $12^1/2$ to 25 years on the attempted murder and robbery convictions and $7^1/2$ to 15 years on the weapon possession conviction, all to run concurrently except for a consecutive term on one of the robbery convictions, unanimously affirmed.

The shooting victim's showup identification of defendant at the crime scene within approximately 10 minutes of the crime, after defendant had been spontaneously identified by two eyewitnesses, was proper (*People v Duuvon*, 77 NY2d 541, 544-545). Nor was the showup procedure during which the complainant witness could not see that defendant was handcuffed unduly suggestive. The court's *Sandoval* ruling, permitting questioning with respect to defendant's use of an alias and the fact that he had been convicted of attempted assault in the third degree and manslaughter in the second degree, was not an improvident exercise of discretion (*People v Sandoval*, 34 NY2d 371, 375). The court struck a proper balance which ensured that the jury would not be unduly prejudiced by the underlying facts of defendant's prior convictions without depriving the jury of information essential to evaluating defendant's credibility.

The court properly exercised its discretion in denying a defense application to force the People to turn over information regarding the prior bad acts of defendant's alibi witnesses, refusing to restrict the prosecutor's cross-examination of a defense witness who had an extensive criminal record. Nor was it an abuse of discretion to deny defendant's request to charge the jury regarding the defense witness's right not to speak with the prosecutor.

Defendant's complaints regarding the prosecutor's summation comments are unpreserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to review them in the interest of justice. In any event, the prosecutor's character-

ization of defense arguments as non-issues and her argument that the People's witnesses had no motive to lie, whereas defense witnesses did, were proper in light of defense counsel's summation (*People v Galloway*, 54 NY2d 396). While it was inappropriate for the prosecutor to comment that the witnesses' certainty constituted proof beyond a reasonable doubt, this single comment was harmless in view of the overwhelming evidence of defendant's guilt (*People v Crimmins*, 36 NY2d 230, 237).

Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490). Contrary to defendant's contention, the ballistics evidence casts no doubt on the conclusion that shells found at the scene of the shooting were fired from the gun recovered at the arrest scene.

After defendant shot and completed a robbery of an initial victim, he undertook and completed the robbery of a second victim. In these circumstances, the consecutive sentence imposed was not prohibited by Penal Law § 70.25 (2). Nor was defendant's sentence excessive, given his criminal history and the vicious nature of the instant crimes. Defendant's application to revise the presentence report is not a proper part of this appeal (*see*, CPL 470.15, 470.20). Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Asch, JJ.