◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KOBERSTEIN, Appellant. [691 NYS2d 214] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1]) and sentencing him to consecutive indeterminate terms of incarceration of 25 years to life. Because defendant's motion to dismiss lacked specificity, defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see, People v Gray,* 86 NY2d 10, 19). In any event, that contention lacks merit (*see, People v Bleakley,* 69 NY2d 490, 495).

County Court properly refused to admit into evidence statements of a declarant who was the ex-husband of one victim and the father of the other, and who had died before the commencement of the trial. Defendant failed to establish supporting circumstances independent of the statements themselves to attest to their trustworthiness and reliability (*see, People v Settles,* 46 NY2d 154, 167; *People v Campbell,* 197 AD2d 930, 931, *lv denied* 83 NY2d 850). The limited testimony describing a knife and handcuffs known to be possessed by defendant was properly admitted, and the single reference to defendant's nonconsensual use of handcuffs is harmless error (*see, People v Ventimiglia,* 52 NY2d 350; *People v Crimmins,* 36 NY2d 230, 241-242). The court did not abuse its discretion in permitting the prosecutor to ask defendant whether he had been convicted of three prior felonies, including a prior conviction of murder in the second degree (*see, People v Walker,* 83 NY2d 455, 459; *People v Sandoval,* 34 NY2d 371). Furthermore, the court properly admitted into evidence the testimony of a witness

from defendant's first trial after determining that the People exercised due diligence but could not locate that witness (*see,* CPL 670.10; *People v Arroyo,* 54 NY2d 567, 571, *cert denied* 456 US 979; *cf., People v Broome,* 222 AD2d 1094).

We reject defendant's contention that the court erred in admitting into evidence photographs that were prejudicial and duplicative of other evidence. Those photographs showed the nature of the injuries, and "any prejudice was outweighed by their relevancy on the material issue of [defendant's intent]" (*People v Fedora,* 186 AD2d 982, 983, *lv denied* 81 NY2d 762; *see, People v Stevens,* 76 NY2d 833, 835). We also reject the further contention of defendant that he was denied a fair trial by prosecutorial misconduct on summation. The prosecutor's remarks were fair response to defense counsel's summation (*see, People v Halm,* 81 NY2d 819, 821; *People v Stith,* 215 AD2d 789, 790, *lv denied* 86 NY2d 784; *People v Dunbar,* 213 AD2d 1000, *lv denied* 85 NY2d 972).

Defendant failed to establish that he was prejudiced by remarks of the jury foreperson when it was learned that the mother of juror number 10 had died suddenly or by the court's ex parte communication to juror number 10 in response to her question concerning what would happen if she left before a verdict was rendered (*cf., People v Brown,* 48 NY2d 388, 394; *People v DeLucia,* 20 NY2d 275). The court properly interviewed each juror individually and determined that the foreperson's remark and the court's communication bore no substantial relationship to defendant's opportunity to defend against the charges (*see, People v Hameed,* 88 NY2d 232, 241, *cert denied* 519 US 1065; *see also, People v Dokes,* 79 NY2d 656, 660) and were not interpreted by any juror as coercive or prejudicial (*cf., People v Eadie,* 83 AD2d 773, 774).

Finally, the sentence, which runs consecutively to a prior indeterminate sentence of 25 years to life, is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Merrell, J.—Murder, 2nd Degree.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.