■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY COCHRAN, Appellant. [755 NYS2d 388] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered February 29, 2000, convicting defendant, after a jury trial, of murder in the second degree, conspiracy in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 43⁵/₆ years to life, unanimously affirmed.

The court responded appropriately to shouting heard from the jury room and to a note from a juror who was concerned about another juror, who allegedly was upset by a third juror's temper. The court instructed the jury that deliberations should be conducted politely, rationally and free from any fear, and that each juror should be respectful of each other. The court also instructed the jury that it would inquire further the next day, if necessary. The following day, the jury sent a note stating that it was prepared to continue with deliberations. The court then inquired as to whether the jurors were prepared to continue calmly and rationally, and each juror responded affirmatively. Under these circumstances, the court responded meaningfully to the juror's note and the surrounding circumstances, and no further inquiry was needed (*see People v Scott,*

213 AD2d 501, *lv denied* 85 NY2d 980; *compare People v Rukaj*, 123 AD2d 277; *People v Lavender*, 117 AD2d 253, *appeal dismissed* 68 NY2d 995).

The court properly exercised its discretion in admitting evidence of other violent crimes committed by or connected with the drug gangs involved in this case. This background information evidence was necessary to understand the relationship among the parties and was highly probative of motive (*see People v Chebere*, 292 AD2d 323, *lv denied* 98 NY2d 673).

Since defendant's motion for a trial order of dismissal was made on different grounds from those raised on appeal, his challenges to the sufficiency of the evidence supporting his conviction of conspiracy in the second degree are unpreserved (*People v Gray*, 86 NY2d 10), and we decline to review them in the interest of justice. Were we to review these claims, we would find that there was overwhelming evidence of defendant's involvement in the conspiracy and of his knowledge of the scope of the drug-dealing operation (*see People v Rodriguez*, 274 AD2d 826, *lv denied* 95 NY2d 938).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.