■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN BAHER, Appellant. [765 NYS2d 771] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered February 29, 2000, convicting defendant, after a jury trial, of murder in the second degree, conspiracy in the second degree, criminal possession of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.

The court properly exercised its discretion when it denied defendant's mistrial motion made after the deliberating jury indicated that it was deadlocked, and instead delivered an *Allen* charge (*Allen v United States,* 164 US 492 [1896]). Defendant's challenge to the language of the *Allen* charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge given was not coercive or unbalanced (*see People v Alvarez,* 86 NY2d 761 [1995]).

Defendant's argument concerning the court's handling of certain events that transpired during jury deliberations is similar to an argument rejected by this Court on a codefendant's appeal (*People v Cochran,* 302 AD2d 276 [2003], *lv denied* 99 NY2d 653 [2003]), and there is no reason to reach a different determination.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo,* 41 NY2d 759, 761 [1977]).

Defendant's ineffective assistance of counsel claims would require a CPL 440.10 motion so as to expand the record as to counsel's strategic decisions. To the extent the present record permits review, we find that defendant was provided with meaningful representation (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]). Counsel's concessions in summation, that certain officers had no reason to lie and that proof beyond a reasonable doubt might well exist for certain lesser crimes, can be explained as a legitimate strategy in which counsel sought

to have the jury view him as candid and credit him when he argued that other witnesses to more serious crimes were not credible and had motives to lie, and that no proof beyond a reasonable doubt existed with regard to these greater crimes (*see People v Edwards,* 265 AD2d 220 [1999], *lv denied* 94 NY2d 947 [2000]; *see also People v Morris,* 100 AD2d 630, 631 [1984], *affd* 64 NY2d 803 [1985]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Ellerin, J.P., Williams, Lerner, Friedman and Gonzalez, JJ.