THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LINNEN, Appellant. [765 NYS2d 559] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered July 11, 2000, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and sentencing him to a term of imprisonment of 25 years to life in connection with the strangulation death of a 16-year-old male who sold drugs from defendant's apartment. Contrary to the contention of defendant, County Court properly determined that his oral admissions to the police were made after he knowingly and voluntarily waived his *Miranda* rights (*see People v Denis,* 181 AD2d 1017, 1017-1018 [1992], *lv denied* 79 NY2d 1048 [1992]). The court also properly determined that further admissions made by defendant to the police after he had exercised his right to counsel were not triggered by police conduct and, instead, were spontaneous (*see People v Payne,* 233 AD2d 787, 788 [1996]).

We reject the contention of defendant that he was denied a fair trial based on the court's *Sandoval* ruling permitting the People to cross-examine him with respect to a previous conviction of manslaughter. The court specified that the People could not reveal that the death was caused by strangulation, and we conclude that the court properly weighed the probative value of the prior conviction against its potential for undue prejudice (*see People v Laraby,* 219 AD2d 817 [1995], *lv denied* 88 NY2d 849, 937 [1996]). It is well established that "questioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the

crimes charged" (*People v Pavao,* 59 NY2d 282, 292 [1983]). Contrary to the further contentions of defendant, he was not denied effective assistance of counsel (*see People v Baldi,* 54 NY2d 137, 147 [1981]); the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]); and the sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions, including those contained in the pro se supplemental brief, and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.