OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered May 3, 2002 affirmed, without prejudice to a motion pursuant to CPL 440.10.
Defendant’s ineffective assistance of counsel claim would require a CPL 440.10 motion so as to expand the record as to counsel’s strategic decisions (see, People v Baher, 308 AD2d 365 [2003]; see also, People v Conyers, 114 AD2d 967 [1985], lv denied 67 NY2d 650 [1986]). To the extent the present record permits review, it does not support a finding that defendant was denied meaningful representation, but, on the contrary, indicates that trial counsel made appropriate pretrial motions, made objections when warranted, delivered effective opening and closing statements and, as appellate defense counsel now acknowledges, “vigorously cross-examined” and “systematically sought to undermine” the credibility of the People’s key witness, the testifying police officer. Notably, trial counsel obtained for defendant an acquittal on each of the theft-related charges submitted to the jury (see, People v Love, 307 AD2d 528, 533 [2003]). Absent additional background facts available only by way of a CPL 440.10 proceeding, the existing record does not support a finding that defendant’s right to a fair trial was “seriously compromise[d]” (People v Henry, 95 NY2d 563, 566 [2000]) by defense counsel’s stipulation to certain elements of the drug possession charge underlying defendant’s conviction (see, People v Cox, 146 AD2d 795, 796 [1989]; see also, People v Fancher, 267 AD2d 770, 771 [1999], lv denied 94 NY2d 919 [2000]; compare, People v Berroa, 99 NY2d 134 [2002]).