09-2655-pr
Baher v. Phillips

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand and ten.

PRESENT:

PIERRE N. LEVAL,
BARRINGTON D. PARKER,
PETER W. HALL,
           *Circuit Judges*.

————————————————————————————

MARTIN BAHER,

           *Petitioner-Appellant*,

           v.                                    Docket No.     09-2655-pr

WILLIAM PHILLIPS, Superintenent of Greenhaven Correctional Facility,

           *Respondent-Appellee*.

————————————————————————————

FOR PETITIONER:          ROBERT J. BOYLE, Law Office of Robert J. Boyle, New York, NY.

FOR RESPONDENT:          KAREN SCHLOSSBERG, Assistant District Attorney (Alan Gadlin, Assistant District Attorney, *on the brief*), for Cyrus R. Vance, Jr., District Attorney, New York County, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.), denying relief pursuant to 28 U.S.C. § 2254.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Petitioner-appellant Martin Baher appeals from a judgment of the United States District Court for the Southern District of New York (Swain, J.) denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2544. *Baher v. Phillips*, No. 05 Civ. 5950, 2009 WL 1457179 (S.D.N.Y. May 26, 2009). Petitioner was convicted in 2000, following a jury trial in the New York Supreme Court, New York County, of, *inter alia*, one count of murder in the second degree and one count of narcotics conspiracy. The New York state courts affirmed the conviction. *People v. Baher*, 308 A.D.2d 365 (1st Dep't 2003). Petitioner sought leave to appeal to the New York Court of Appeals, which was denied. *People v. Baher*, 2 N.Y.3d 737 (2004). Petitioner then filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York. The petition alleged, *inter alia*, that Baher's Sixth Amendment right to a fair trial was violated when the trial judge failed to ask jurors individually about discord among the jury during deliberations. The district court referred the matter to a magistrate judge, who reviewed the petition and issued a report and recommendation to deny the petition. *Baher v. Phillips*, No. 05 Civ. 5950, 2008 WL 5273830 (S.D.N.Y. Dec. 22, 2008). The district court adopted the report and recommendation, dismissed Baher's § 2254 habeas petition. *Baher*, 2009 WL 1457179, at *5. This Court subsequently issued a certificate of appealability with respect to the following issue: whether Baher was denied

his Sixth Amendment right to an impartial jury. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review a district court's denial of a petition for a writ of habeas corpus *de novo*." *Ortiz v. N.Y.S. Parole in Bronx, N.Y.*, 586 F.3d 149, 155 (2d Cir. 2009). "When [a] state court has adjudicated the merits of [a] petitioner's claim, we apply the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which we may grant a writ of habeas corpus only if the state court's adjudication 'was contrary to, or involved an unreasonable application of, clearly established Federal law[,] as determined by the Supreme Court of the United States.'" *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(d)(1)).

The issue before this Court is whether the trial court was constitutionally required to question jurors individually in response to a juror's note to the court during deliberations indicating that another juror may have been intimidated by a third juror. The district court rejected Baher's argument and noted that Baher failed to cite any Supreme Court precedent "that clearly requires a trial judge to conduct a limited, individual inquiry" in circumstances like those of this case. The court concluded, "the [state] appellate court's approval of the trial judge's decision not to conduct an individualized inquiry and to accept the jurors' affirmative nodding in response to h[er] question as to whether the jurors were ready to proceed calmly and rationally does not unreasonably apply the Supreme Court's rule guaranteeing generally the right to a jury that is free from coercion."

We agree that the state court's rejection of Baher's claim on this issue was not "contrary to, or . . . an unreasonable application of, clearly established Federal law." The state court's

decision not to question each juror individually, after having received confirmation from the jury that it was ready to continue its deliberations calmly and rationally and after asking the jurors collectively whether they each felt comfortable doing so, was not contrary to, or an unreasonable application of, *Smith v. Phillips*, 455 U.S. 209 (1982) or *Remmer v. United States*, 347 U.S. 227 (1954).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4