■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYMON DARKINS, Appellant. [916 NYS2d 826]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered April 10, 2007, convicting him of murder in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied suppression of certain incriminating statements the defendant made to law enforcement officials. The record supports the hearing court's conclusion that those statements were voluntarily made (*see People v Reynolds*, 240 AD2d 517, 518 [1997]; *People v Ingram*, 208 AD2d 561, 562 [1994]; *People v Madison*, 135 AD2d 655, 657 [1987], *affd* 73 NY2d 810 [1988]) after the defendant was informed of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]).

The trial court's ruling pursuant to *People v Sandoval* (34 NY2d 371 [1974]) was a provident exercise of discretion (*see People v Linnen*, 309 AD2d 1280, 1280-1281 [2003]; *People v Chapman*, 220 AD2d 210 [1995]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 146-148 [1981]).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.