■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILL MULLINS, Appellant. [20 NYS3d 413]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered May 2, 2013, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 375 [1974]) was a provident exercise of discretion. The court's ruling struck an appropriate balance between the probative value

of the defendant's prior conviction on the issue of his credibility and the potential prejudice to the defendant (*see People v Malak*, 117 AD3d 1170, 1174 [2014]; *People v Linnen*, 309 AD2d 1280 [2003]; *People v Koberstein*, 261 AD2d 849 [1999]; *People v Damon*, 150 AD2d 479 [1989]).

A determination of whether a verdict is repugnant is based solely on a review of whether the verdict is inherently inconsistent when viewed in light of the trial court's charge regardless of its accuracy (*see People v Muhammad*, 17 NY3d 532, 539 [2011]; *People v Green*, 71 NY2d 1006, 1008 [1988]). Such an inquiry into the elements of the crimes as charged by the trial court is made without regard to the particular facts of the case (*see People v Muhammad*, 17 NY3d at 539). Contrary to the defendant's contention, the verdict finding him guilty of assault in the first degree and criminal possession of a weapon in the second degree was not repugnant, notwithstanding that his two codefendants were acquitted of the same crimes. The charge clearly instructed the jury to reach separate verdicts as to each defendant and never stated that the defendant's guilt was dependent on the guilt of either of his codefendants (*see People v Green*, 71 NY2d at 1007; *People v Drayton*, 288 AD2d 132 [2001]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Further, contrary to the defendant's contention, the Supreme Court's response to a jury note, which indicated that one juror had verbally threatened another juror during deliberations, was meaningful and sufficiently addressed the problem which motivated the communication (*see People v Cochran*, 302 AD2d 276 [2003]; *People v Scott*, 213 AD2d 501 [1995]; *People v Sampson*, 201 AD2d 314 [1994]).

The defendant's contention that certain comments made by the prosecutor on summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit.

The defendant's remaining contention is without merit. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.