■ In the Matter of CAROLINA P., a Person Alleged to be a Juvenile Delinquent, Appellant. [648 NYS2d 980] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is (1) from an order of disposition of the Family Court, Queens County (Gage, J.), dated August 17, 1995, which, upon a fact-finding order of the same court, dated May 31, 1995, made after a hearing, determined that the appellant had committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged her to be a juvenile delinquent, and placed her with the Division for Youth for up to 18 months. The appeal brings up for

review the fact-finding order dated May 31, 1995; and (2) from an order of disposition of the same court (Friedman, J.), also dated August 17, 1995, revoking a disposition of probation previously imposed by the same court, dated June 29, 1994, upon a finding that the appellant had violated a condition thereof, upon her admission, and placing her with the Division for Youth for a period of up to 18 months, upon a fact-finding order of the same court, made upon the appellant's admission, finding that she had committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

It is well settled that the grant or denial of an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*see, People v Cable,* 63 NY2d 270). Here, the trial court's denial of the appellant's second request for an adjournment so that she could produce a witness to testify in support of her justification defense, was not an improvident exercise of discretion given the fact that the court had already granted a previous adjournment for the purpose of securing this witness (*see, People v Wilkins,* 133 AD2d 477, 478). In addition, there was no evidence that the witness was available or that the appellant had taken adequate steps to secure the presence of the witness.

The appellant also contends that the Family Court committed error when it denied the motion to reopen the fact-finding hearing. We disagree. Here, the "newly-discovered" evidence was not in fact discovered since the fact-finding hearing and, further, the evidence does not pose the probability that the court's prior determination of guilt would be altered in the appellant's favor (*see,* Family Ct Act § 355.1; *People v Latella,* 112 AD2d 321, 322).

The appellant's remaining contentions lack merit. Mangano, P. J., Rosenblatt, Sullivan and Hart, JJ., concur.