■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CEBALLO, Appellant. [662 NYS2d 456] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered February 8, 1995, convicting defendant, after a jury trial, of four counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant argues that he was denied a fair trial by two aspects of alleged prosecutorial misconduct: (i) prejudicial cross-examination when defendant testified in his own behalf, and (ii) an improper summation that misrepresented and distorted the defense case. Neither claim warrants reversal.

In two separate episodes in the course of cross-examination, as candidly conceded by the People, the prosecutor's *attempted* line of inquiry exceeded the bounds of fairness. But in both

incidents, the court promptly sustained objections before defendant was ever obliged to answer. Defendant sought no further relief and never moved for a mistrial. Thus, this issue is not preserved for our review (*People v Heide*, 84 NY2d 943; *People v Nuccie*, 57 NY2d 818).

As to the prosecutor's summation, defense counsel only interposed one objection, which was also sustained by the court. And while the rhetorical attack by the prosecutor on a suppositious "frame-up" by all five police officers involved in defendant's arrest was excessive in style and substance, there was no obdurate pattern of inflammatory remarks (*People v D'Alessandro*, 184 AD2d 114, 118, *lv denied* 81 NY2d 884). Furthermore, it is clear to us that defense counsel's closing argument did make a serious attack on the credibility of two of the officers at the crime scene, which the People were entitled to answer with vigor (*People v Nai Hing Liang*, 208 AD2d 401). Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.