■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FORD, Appellant. [692 NYS2d 870] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's motion for a mistrial following testimony by the victim's mother that the victim was shown a photograph of defendant at her home. Although that testimony bolstered the identification testimony of the victim, reversal is not required because "the evidence of identity is so strong that there is no serious issue upon the point" (*People v Caserta,* 19 NY2d 18, 21; *cf., People v Wallace,* 187 AD2d 998). Both the victim and his girlfriend, each of whom testified at trial, had unobstructed views of defendant during the commission of the crime and at other times in their neighborhood. Defendant's further contentions concerning bolstering of identification testimony are not preserved for our review, and we decline to address them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant contends that he was denied a fair trial based on improper remarks by the prosecutor during summation. Because defendant's objections to those remarks were sustained and defendant did not move for a mistrial or request curative instructions, any error is deemed to have been corrected to

defendant's satisfaction (*see, People v Jian Guo Xia,* 255 AD2d 525; *see also, People v Heide,* 84 NY2d 943, 944; *People v Ceballo,* 242 AD2d 428, 429, *lv denied* 91 NY2d 870). In any event, the prosecutor's remarks were fair response to defense counsel's summation (*see, People v Halm,* 81 NY2d 819, 821; *People v Koberstein,* 261 AD2d 849).

We reject the contention of defendant that he was improperly sentenced as a second violent felony offender (*see,* Penal Law § 70.04 [1] [b] [i]-[v]) because the statement required by CPL 400.21 (2) did not contain the dates of incarceration for previous convictions. Defense counsel provided the court with the necessary information prior to sentencing. Furthermore, defendant declined a hearing and admitted the prior convictions. Thus, we conclude that to remit this matter for "resentencing would be futile and pointless" (*People v Bouyea,* 64 NY2d 1140, 1142). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Pigott, Jr., Hurlbutt and Scudder, JJ.