■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LATTERELL, Appellant. [737 NYS2d 568] —Appeal from a judgment of Monroe County Court (Marks, J.), entered December 1, 1999, convicting defendant after a jury trial of, inter alia, sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of sodomy in the first degree (Penal Law § 130.50 [1]), attempted sodomy in the first degree (Penal Law §§ 110.00, 130.50 [1]) and assault in the third degree (Penal Law § 120.00 [1]) and sentencing him as a persistent violent felony offender to an aggregate term of incarceration of 45 years to life. Defendant failed to object to certain of the prosecutor's allegedly inflammatory comments on summation and thus his contention that he was deprived of a fair trial based on those comments is unpreserved for our review (*see,*

*People v Bell,* 234 AD2d 915, 916, *lv denied* 89 NY2d 1009). County Court sustained defendant's objections to the remaining allegedly inflammatory comments of the prosecutor on summation and defendant failed to object further or to move for a mistrial. Thus, defendant's contention with respect to those comments also is unpreserved for our review (*see, People v Ceballo,* 242 AD2d 428, 428-429, *lv denied* 91 NY2d 870). In any event, defendant's contention lacks merit. The allegedly inflammatory remarks were fair comment on the evidence (*see, People v Ashwal,* 39 NY2d 105, 109). The sentence is neither unduly harsh nor severe.

Defendant contends in the pro se supplemental brief that his trial counsel was ineffective. Based on the record before us, viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Satterfield,* 66 NY2d 796, 798-800). To the extent that defendant contends counsel failed to obtain expert testimony, that contention involves matters outside the record and thus must be raised by a motion pursuant to CPL article 440 (*see, People v Chiera,* 255 AD2d 685, 686). Present—Wisner, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.