OPINION OF THE COURT
Matthew J. D’Emic, J.
Defendant is charged with the assault of his girlfriend on a Park Slope street late in the evening of August 2, 2000. At trial, he has presented a statement by the complaining witness asserting her physician-patient privilege, thereby seeking to *475 preclude testimony by the physician who treated her injuries as well as the introduction of her medical records.
The physician-patient privilege was unknown at common law and is not recognized in federal criminal proceedings. In New York, it is codified in CPLR 4504 and prevents a treating physician from disclosing medical information “[ujnless the patient waives the privilege” (CPLR 4504 [a]), and extends to medical records (Williams v Roosevelt Hosp., 66 NY2d 391). As an invention of statute, it must be narrowly construed. A distillation of case law posits five factors that must be present to effectively invoke the privilege: (1) the patient or a person in privity is asserting the privilege; (2) a doctor-patient relationship exists; (3) the information stems from that relationship and is required for treatment; (4) there is an expectation of confidentiality; and (5) the privilege has not been waived.
In this case, there is no doubt that the information of the victim’s injuries was obtained as a result of the doctor-patient relationship and was necessary for treatment. In addition, although a defendant may not invoke the privilege on behalf of the patient on the ground that the privilege is to protect the patient and not shield the criminal (Matter of Grand Jury Proceedings [Doe], 56 NY2d 348), in this case, the victim herself has invoked the privilege. As is common in cases of domestic abuse, she does not wish the defendant prosecuted and is actively supporting his defense. Unlike other jurisdictions, the New York statute does not provide an exception for domestic violence prosecutions (see Colo Rev Stat § 13-90-107 [1] [d]).
This being the case, the court must determine whether the victim/patient had an expectation that her medical condition and treatment be kept confidential and further, whether she has otherwise waived the privilege.
In both respects the court finds that the assertion of the privilege cannot stand. Factually, at least two bystanders witnessed the attack and observed the physical condition of the victim. She was taken by ambulance to the emergency room at Maimonides Medical Center and was observed by and spoke to the police about the assault and her physical complaints. After her release from the hospital she spoke to more than one assistant district attorney about the beating, her condition that night, the treatment she received, the continuity of pain and her present complaints. On August 16, 2000, she testified before a grand jury in detail about her injuries, medication, treatment and then current physical condition.
In other words, she freely spoke of her medical condition in connection with a criminal investigation conducted by the *476 Kings County District Attorney and chose not to invoke her privilege until February 2002, more than a year later.
Viewed in this light, the court finds that the victim did not have an expectation of confidentiality respecting her medical records from Maimonides or her conversations with her physician (Desai v Blue Shield of Northeastern N.Y., 146 AD2d 264). Furthermore, by laying bare her medical condition and treatment before the police, representatives of the district attorney’s office and the grand jury, and then waiting over a year to assert it at the trial of her attacker the victim effectively waived the privilege (Maurice v Mahon, 239 AD2d 188; Hughson v St. Francis Hosp. of Port Jervis, 92 AD2d 131; People v Preston, 13 Misc 2d 802). As Justice Ellerin stated in Matter of Farrow v Allen (194 AD2d 40, 44):
“once a patient puts the information into the hands of a third party who is completely unconnected to his or her treatment and who is not subject to any privilege, it can no longer be considered a confidence and the privilege must be deemed to have been waived as to that information.” (Citations omitted.)