■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JONES, Appellant. [782 NYS2d 322]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered January 30, 2001. The judgment convicted defendant, upon a jury verdict, of assault in

the first degree, aggravated unlicensed operation of a motor vehicle in the second degree, and operation of a motor vehicle without a license.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [3]), aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]), and operation of a motor vehicle without a license (§ 509 [1]). The conviction arises out of an incident in which a police officer was injured when struck by a vehicle being driven by defendant, who had an epileptic seizure.

Defendant contends that he was deprived of a fair trial by prosecutorial misconduct during voir dire when the prosecutor told the prospective jurors, "My job is to present evidence to you and to convince you of the Defendant's guilt beyond a reasonable doubt." We conclude that defendant's challenge to the prosecutor's remark is unpreserved for our review and without merit in any event. The record establishes that the remark, considered in its context, was intended to explain the prosecutor's role in the proceedings for the benefit of the prospective jurors, not to express the prosecutor's belief in defendant's guilt.

As the result of his failure to exhaust all of his peremptory challenges before the completion of jury selection, defendant has failed to preserve for our review his contention that Supreme Court erred in denying his challenge for cause to a prospective juror (see People v LaValle, 3 NY3d 88, 104 [2004]; People v Lynch, 95 NY2d 243, 248 [2000]; cf. People v Guzman, 76 NY2d 1, 4 [1990]; People v Torpey, 63 NY2d 361, 365 [1984], rearg denied 64 NY2d 885 [1985]). The evidence is legally sufficient and the verdict is not against the weight of the evidence with respect to the gravity of the risk presented by the fact that defendant, an epileptic, drove a motor vehicle after failing to take his prescribed medication, and with respect to defendant's awareness and disregard of that risk (see Penal Law § 15.05 [3]; § 120.10 [3]; see also People v Eckert, 2 NY2d 126, 131-132 [1956], overruled on other grounds People v Jennings, 69 NY2d 103, 115 n 2 [1986]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

We conclude that the court properly refused to suppress defendant's statements to police in the ambulance and in the hospital based on the court's finding, which is supported by the evidence at the suppression hearing, that defendant was not in

custody when he made those statements (*see People v O'Hanlon,* 5 AD3d 1012 [2004]; *People v Atwood,* 2 AD3d 1331, 1331-1332 [2003]; *People v Brown,* 295 AD2d 442, 443 [2002], *lv denied* 99 NY2d 580 [2003]; *see also People v Panek,* 305 AD2d 1098, 1098-1099 [2003], *lv denied* 100 NY2d 623 [2003]; *People v Bongiorno,* 243 AD2d 719, 719-720 [1997], *lv denied* 91 NY2d 889 [1998]; *People v Bowen,* 229 AD2d 954, 955 [1996], *lv denied* 88 NY2d 1019 [1996]).

We reject the further contention of defendant that reversal is required as a result of the admission of testimony of his treating physicians. Defendant expressly waived the physician-patient privilege when he made admissions to police and executed consents on the date of the crime (*see People v Figueroa,* 173 AD2d 156, 159 [1991], *lv denied* 78 NY2d 1075 [1991]; *People v Pagan,* 190 Misc 2d 474, 476 [2002]; *see also* CPLR 4504; *see generally People v Wilkins,* 65 NY2d 172, 176-177 [1985]; *People v Gonzalez,* 239 AD2d 931, 932 [1997], *lv denied* 90 NY2d 893 [1997]; *People v Carkner,* 213 AD2d 735, 737 [1995], *lv denied* 85 NY2d 970, 86 NY2d 733 [1995]). The sentence imposed by the court on the conviction of assault in the first degree, a determinate term of incarceration of 18 years, is not unduly harsh or severe.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.