■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO DUKES, Appellant. [817 NYS2d 683]—

Peters, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 22, 2004, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the second degree, and criminal possession of a weapon in the third degree (two counts).

On January 13, 2004, at approximately 3:00 A.M., Marcel Davis (hereinafter the victim) walked into the City of Schenectady Police Department flustered, fatigued and out of breath. He informed John Mazzone III, the intake officer, that defendant, his friend, had just shot at him twice with a handgun. Defendant was indicted on numerous counts and, following a jury trial, was convicted of attempted assault in the first degree, two counts of criminal possession of weapon in the third degree, criminal possession of a weapon in the second degree, and reck-

less endangerment in the second degree as a lesser included offense to a charge of reckless endangerment in the first degree. Sentenced as a second felony offender to an aggregate sentence of 15 years in prison, he appeals.

Defendant challenges the attempted first degree assault conviction on legal sufficiency and weight of the evidence grounds. Presented with a legal sufficiency challenge, we view the evidence in a light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]) and determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). According deference to the factfinder's opportunity to view the witnesses, hear their testimony and observe their demeanor, we recognize that if we find, upon our independent review, that a different result would not be unreasonable, we must weigh the relative probative force of conflicting testimony against the relative strength of conflicting inferences that may be drawn from the testimony. If we conclude that the evidence was not given the weight that it should be accorded, we may set the verdict aside (*see People v Bleakley, supra* at 495).

Defendant maintains that the evidence failed to show that he aimed and fired a gun in the victim's direction. We disagree and find a valid line of reasoning and permissible inferences to satisfy every element of the crime charged (*see People v Wright*, 13 AD3d 736, 738 [2004], *lv denied* 4 NY3d 837 [2005]). At trial, the victim testified that on the night of the incident, defendant telephoned him and told him that he wanted to meet with him that night to talk. A short time later, the victim and defendant met at a prearranged location. Defendant left his vehicle, entered the victim's vehicle, sat in the passenger seat, and told him to "just drive" until defendant's instructions led him to the house next door to defendant's girlfriend. The victim described defendant as upset, red-eyed and smelling of alcohol. During their drive, defendant repeatedly told the victim that he knew what was going on and, while driving, the victim noticed that defendant was holding a silver object in his lap. Upon their arrival near the girlfriend's residence, defendant stated that he wanted to confront the victim and his girlfriend about his belief that they were romantically involved. Believing that the object in defendant's hand was a gun, the victim ran away once the two of them commenced their exit from the vehicle. According to the victim, he heard something, described as a firecracker or a shot, as he was running away. When he turned around, he saw defendant's hand pointing toward him; he then heard a

second sound identical to the first. When defendant began to chase him, the victim ran directly to the police station, approximately two blocks away, and informed the intake officer that defendant shot at him twice with a handgun. When the police officers went to the scene that night, they observed an automobile matching the victim's description of his car that was parked and vacant with its passenger door open. They also found a shell casing from a nine-millimeter handgun near the automobile. This evidence, presented and analyzed in a light most favorable to the prosecution, supports the jury's determination that defendant shot at the victim with the intent to cause him serious bodily injury (*see People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

A weight of the evidence review also survives our scrutiny. The police investigation corroborated the victim's description of the scene and the place where he said that they would find his vehicle. Moreover, they found a vehicle matching the victim's description of defendant's vehicle with its engine still running. Defendant's parole officer, who assisted in the investigation, also testified that defendant was found carrying a jacket which matched the victim's description of the one that defendant was wearing at the time of the incident; defendant admitted to his parole officer that he had argued with the victim on the night of the shooting. Upon these facts, the jury's determination was properly supported.

Briefly addressing the discharge of a juror after the trial had commenced, we find that, given the information provided to County Court, it made a tactful and probing inquiry. As its discretionary determination was supported by the facts, there was no error in its determination that the juror was grossly unqualified (*see People v Buford*, 69 NY2d 290, 298 [1987]; *People v Bradford [Isadore]*, 300 AD2d 685, 688 [2002], *lvs denied* 99 NY2d 612, 615 [2003]).

Next addressing defendant's assertion that County Court violated his constitutional due process right to a fair trial when it admitted hearsay evidence of a "prompt outcry," we agree with defendant that since the evidence did not involve a sex crime, it was not admissible as a "prompt outcry" exception to the hearsay rule. Where, however, as here, the victim, under the stress of nervous excitement with his reflective powers stilled and both winded and sick to his stomach after having been chased by defendant, declared that the defendant had shot at him, the statement was an "excited utterance" or "spontaneous declaration," which is admissible (*see People v Fratello*, 92 NY2d 565, 570 [1998], *cert denied* 526 US 1068 [1999]; *People v Brown*, 70 NY2d 513, 518-522 [1987]).

We next reject defendant's contention that the admission of testimony revealing his status as a parolee was unduly prejudicial. Defendant was apprehended by his parole officer and questioned concerning a violation of his curfew. Revealing defendant's status as a parolee was necessary during the parole officer's testimony to complete his narrative concerning his involvement with defendant's apprehension. As it was intertwined with the charged offense, we find no error (*see People v Chestnut*, 254 AD2d 525, 526 [1998], *lv denied* 93 NY2d 871 [1999]), especially considering the limiting instructions given by County Court.

Defendant further makes a claim of ineffective assistance of counsel grounded solely upon counsel's failure to challenge two prospective jurors. The voir dire reveals that the two jurors were unable to assure defense counsel that they would not draw a negative inference against defendant if he failed to testify. They were not challenged for cause (*see People v Bludson*, 97 NY2d 644, 645 [2001]). Upon our review of the evidence, the law and the circumstances of this case in totality and as of the time of counsel's representation, we find that meaningful representation was provided (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Counsel made numerous timely and appropriate objections, moved for a mistrial on multiple occasions and adroitly cross-examined witnesses. Upon these facts, we will not rest an ineffective assistance finding solely upon the seating of these two jurors since other qualities of these potential jurors may well have caused counsel and defendant to choose them.

We must, however, reverse that part of the verdict convicting defendant of attempted assault in the first degree and reckless endangerment in the second degree because they are repugnant. Defendant was convicted of attempted assault in the first degree, requiring the jury to determine that when he shot at the victim, he acted with intent to cause serious physical injury. Yet, he was also convicted of reckless endangerment in the second degree which charged him with recklessly engaging in conduct that created a substantial risk of serious physical injury to the victim. Since both counts charged conduct which consisted of "shooting" at the victim and defendant could not have both recklessly and intentionally attempted to cause physical injury to the victim when he fired the gun, the jury's determination is inherently inconsistent (*cf. People v Gregory*, 290 AD2d 810, 810-811 [2002], *lv denied* 98 NY2d 675 [2002]). Defendant is entitled to a new trial on these two counts and such counts should be charged to the jury in the alternative (*see People v Gallagher*, 69 NY2d 525, 531 [1987]).

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of attempted assault in the first degree and reckless endangerment in the second degree under counts one and five of the indictment; matter remitted to the County Court of Schenectady County for a new trial on said counts; and, as so modified, affirmed.