■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WALTER, Also Known as WALTER DENNIS, Appellant. [823 NYS2d 796]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 23, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment rendered upon a jury verdict convicting him of robbery in the third degree (Penal Law § 160.05) as a lesser included offense of the indicted offense of robbery in the first degree (§ 160.15 [4]). Defendant failed to preserve for our review his contention that he was deprived of his right to a fair trial by several instances of prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Norman*, 1 AD3d 884 [2003], *lv denied* 1 NY3d 599 [2004]; *People v Latterell*, 291 AD2d 881 [2002], *lv denied* 98 NY2d 638 [2002]; *see*

*generally People v Heide,* 84 NY2d 943, 944 [1994]). In any event, "[p]ainstaking consideration of the record as a whole" compels us to conclude that defendant was not deprived of a fair trial by the prosecutor's misconduct (*People v Galloway,* 54 NY2d 396, 398 [1981]). Although the prosecutor engaged in egregious conduct throughout the trial, including her summation, Supreme Court played a pivotal role in instructing the jury to disregard her prejudicial comments and the testimony improperly elicited by her (*see generally id.* at 399).

Defendant also contends that the court erred in denying his challenge for cause to a prospective juror whose sister had recently been a victim of a burglary. Defendant failed to preserve that contention for our review because he failed to exhaust his peremptory challenges before the completion of jury selection (*see* CPL 270.25 [2] [b]; *People v Jones,* 11 AD3d 902, 903 [2004], *lv denied* 3 NY3d 757 [2004]). We reject the further contentions of defendant that the evidence is legally insufficient to support his conviction (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]) and that he was deprived of his right to a speedy trial (*see* CPL 30.30, 580.20). The sentence is not unduly harsh or severe. We have reviewed the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit. Present—Hurlbutt, A.P.J., Scudder, Gorski and Smith, JJ.