[872 NE2d 231, 840 NYS2d 545]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO DUKES, Appellant.

Argued March 28, 2007; decided May 1, 2007

### APPEARANCES OF COUNSEL

*Mitch Kessler*, Cohoes, for appellant.

*Robert M. Carney, District Attorney*, Schenectady (*Alfred D. Chapleau* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be reversed and a new trial ordered.

We agree with defendant's contention that County Court improperly dismissed a sworn juror over his objection. Pursuant to CPL 270.35 (1), a court may not dismiss a sworn juror unless it has determined that he or she is "grossly unqualified to serve in the case"—that is, only " 'when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " (*People v Buford*, 69 NY2d 290, 298 [1987]). We underscore once again that, in reaching this determination, the trial court, after a probing and tactful inquiry of each allegedly unqualified juror,

> "should carefully consider the juror's answers and demeanor to ascertain whether her state of mind will affect her deliberations. The trial court's reasons for its ruling should be placed on the record. In concluding that a juror is grossly unqualified, the court may not speculate as to possible partiality of the juror based on her equivocal responses. Instead, it must be convinced that the juror's knowledge will prevent her from rendering an impartial verdict" (*id.* at 299).

Here, County Court failed to abide by this standard. After complainant testified at trial, juror number three informed the court that she and complainant may have worked in the same nursing center and, although she was unsure, she had some recollection that he was fired for an incident involving a gun. She told the court and counsel, however, she was "100 percent sure" she could remain impartial and would not allow this information to influence her decision because she "didn't know [complainant] very well and [she] wasn't involved in the incident that happened." She also stated that she would not mention this to the other jurors.

Despite these assurances, the People sought the juror's removal. Over defendant's objection, the court dismissed the juror in favor of an alternate, reasoning that, although she honestly meant that she would be able to remain impartial, at worst "what I'm doing is substituting one qualified juror for another qualified juror." On this record, the juror's dismissal was improper, and thus defendant is entitled to a new trial. The court failed to determine that juror number three was grossly unqualified—or indeed, unqualified at all.

Defendant's contention that his conviction was not supported by sufficient evidence is without merit. In light of the relief ordered, we do not reach his remaining contentions.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order, insofar as appealed from, reversed, etc.