■ In the Matter of SHAKIEA B., Appellant. MONROE COUNTY ATTORNEY, Respondent. [860 NYS2d 777]—

Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered June 12, 2007 in a proceeding pursuant to Family Court Act article 3. The order, among other things, adjudged that respondent is a juvenile delinquent and placed respondent on probation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating her to be a juvenile delinquent based upon findings that she committed acts that, if committed by an adult, would constitute the crimes of, inter alia, assault in the second degree (Penal Law § 120.05 [2]) and reckless endangerment in the second degree (§ 120.20). The adjudication arises from an incident in which respondent struck the victim in the head with a two-foot-long stick. We reject the contention of respondent that she is entitled to a new trial based on alleged *Rosario* and *Brady* violations. The presentment agency was not required to turn over to respondent the statement of her sister to the police as *Rosario* material because respondent's sister was not called as a witness by the presentment agency (*see* Family Ct Act § 331.4 [1] [a];

*People v Restivo*, 209 AD2d 448 [1994], *lv denied* 88 NY2d 1024 [1996]; *People v Gardner*, 162 AD2d 466 [1990]). Furthermore, there was no *Brady* violation based on the presentment agency's failure to turn over that statement inasmuch as respondent called her sister as a witness and was "fully able to 'take advantage of any exculpatory testimony that [she] might furnish' " (*Gardner*, 162 AD2d at 466; *see People v Medina*, 208 AD2d 974, 975 [1994], *lv denied* 84 NY2d 1035 [1995]).

Respondent further contends that she was denied a fair trial when Family Court refused to grant her request for an adjournment to enable her to present the testimony of a witness. We reject that contention. It is well settled that the decision whether to grant or deny a request for an adjournment for any purpose is a matter resting within the sound discretion of the court (*see Matter of Carolina P.*, 232 AD2d 564, 565 [1996]; *Matter of John W.*, 227 AD2d 981 [1996]; *see generally Matter of Eric W.*, 68 NY2d 633, 636 [1986]), and here, there was no abuse or improvident exercise of discretion. The witness had not been subpoenaed (*cf. John W.*, 227 AD2d 981 [1996]), and her anticipated testimony was not material to the issue of respondent's guilt inasmuch as respondent admitted that she struck the victim in the head with a stick (*see generally Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]).

Contrary to the further contention of respondent, the evidence supports the court's determinations that she was not justified in striking the victim (*see* Penal Law § 35.15 [1] [b]) and that the evidence is legally sufficient to establish that the victim sustained a physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Hines*, 9 AD3d 507, 511 [2004], *lv denied* 3 NY3d 707 [2004]; *see also People v Delgado*, 167 AD2d 181 [1990], *lv denied* 77 NY2d 905 [1991]). We further conclude that, under the circumstances in which it was used, the stick constituted a dangerous instrument capable of causing serious physical injury or death (*see* Penal Law § 10.00 [13]; *see also People v Moyler*, 256 AD2d 1108 [1998], *lv denied* 93 NY2d 975 [1999]; *People v Chambers*, 165 AD2d 738 [1990], *lv denied* 77 NY2d 876 [1991]; *People v Ludwig*, 155 AD2d 558, 559-560 [1989], *lv denied* 75 NY2d 814 [1990]).

Finally, we reject the contention of respondent that the determination is repugnant. Although it is well established that a person "who acts with the conscious objective of bringing about a particular result cannot simultaneously act with conscious disregard of a substantial and unjustifiable risk that the very result will occur" (*People v Trappier*, 87 NY2d 55, 58 [1995]; *see e.g. People v Dukes*, 30 AD3d 682, 686 [2006], *revd on other*

*grounds* 8 NY3d 952 [2007]; *People v Slater*, 270 AD2d 925 [2000], *lv denied* 95 NY2d 858 [2000]; *see generally People v Gallagher*, 69 NY2d 525, 529 [1987]), that principle does not apply where, as here, the alleged result of the two crimes charged is not the same. Respondent was charged with assault in the second degree on the theory that she intended to cause physical injury and did so by means of a dangerous instrument (*see* Penal Law § 120.05 [2]), and she was charged with reckless endangerment in the second degree on the theory that she recklessly engaged in conduct that created a substantial risk of serious physical injury (*see* § 120.20). Thus, it was possible for the court to find that respondent "intend[ed] one result . . . while recklessly creating a [substantial] risk that a different, more serious result . . . would ensue from [her] actions" (*Trappier*, 87 NY2d at 59; *see e.g. People v Carter*, 21 AD3d 1295, 1296 [2005], *affd* 7 NY3d 875 [2006]; *People v Williams*, 45 AD3d 1466, 1467 [2007], *lv denied* 10 NY3d 818 [2008]; *People v Belcher*, 289 AD2d 1039 [2001], *lv denied* 97 NY2d 751 [2002]). Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.