# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**107**
**KA 10-00152**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

RICHARD L. COLEMAN, DEFENDANT-APPELLANT.

---

ADAM H. VAN BUSKIRK, AURORA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 12, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, burglary in the first degree, burglary in the second degree, criminal possession of a weapon in the third degree, resisting arrest and grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of burglary in the second degree and dismissing count three of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant was previously convicted upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]), resisting arrest (§ 205.30) and grand larceny in the third degree (§ 155.35 [1]) in satisfaction of an indictment charging him with those crimes and with robbery in the first degree (§ 160.15 [3]), burglary in the second degree (§ 140.25 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant was sentenced as a second felony offender to concurrent terms of imprisonment, the greatest of which was a determinate term of 18 years. This Court affirmed that judgment of conviction on appeal (*People v Coleman*, 13 AD3d 1234, *lv denied* 4 NY3d 829). County Court (Leone, J.) thereafter granted defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, and this Court affirmed the order granting defendant's motion based on the failure of County Court (Corning, J.) to advise him, prior to the entry of the plea, that he would be subject to a period of postrelease supervision (*People v Coleman*, 61 AD3d 1383).

Defendant now appeals from a judgment convicting him following a jury trial of the six counts in the indictment and sentencing him, inter alia, as a persistent felony offender to concurrent

indeterminate terms of imprisonment of 18 years to life on each felony count. We reject the contentions of defendant that the persistent felony offender sentencing scheme is unconstitutional (*see Portalatin v Graham*, 624 F3d 69, 93-94), that County Court (Leone, J.) sentenced him as a persistent felony offender for exercising his right to a jury trial and thus that such sentencing was vindictive (*see People v Miller*, 65 NY2d 502, 507-508, *cert denied* 474 US 951; *see generally People v Young*, 94 NY2d 171, 177-180, *rearg denied* 94 NY2d 876), and that his sentence is unduly harsh and severe. Also contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish defendant's identity as the perpetrator of the crimes (*see People v Jackson*, 78 AD3d 1685), and to establish that the board wielded by defendant constituted a dangerous instrument within the meaning of Penal Law § 10.00 (13) (*see Matter of Shakiea B.*, 53 AD3d 1057, 1059). We reject the contention of defendant that reversal is required based upon the procedure employed by the court after receiving a note from the jury that expressed concern about defendant's notetaking during jury selection but contained no substantive inquiry by the jurors (*see People v Ochoa*, 14 NY3d 180, 187-188; *People v Gruyair*, 75 AD3d 401, 402-403, *lv denied* 15 NY3d 852). Contrary to the further contention of defendant, he was not denied his statutory right to a speedy trial (*see* CPL 30.30). The People established that they timely announced readiness for trial following their unsuccessful appeal of the order granting defendant's CPL 440.10 motion (*see* CPL 30.30 [5] [a]; *see generally People v Contrearas*, 227 AD2d 907, 908). Defendant failed to preserve for our review his contention that the court erred in denying his challenge for cause to a prospective juror inasmuch as he did not exhaust his peremptory challenges prior to the completion of jury selection (*see People v Walter*, 34 AD3d 1259, 1260, *lv denied* 8 NY3d 845, 850).

As the People correctly concede, however, count three of the indictment, charging defendant with burglary in the second degree, must be dismissed as a lesser inclusory concurrent count of count two, charging defendant with burglary in the first degree (*see People v Skinner*, 211 AD2d 979, 980, *lv denied* 86 NY2d 741; *People v Gloss*, 83 AD2d 782). We therefore modify the judgment accordingly. We have considered defendant's remaining contentions and conclude that none warrants reversal of the judgment or further modification thereof.

Entered: March 25, 2011                    Patricia L. Morgan
                                           Clerk of the Court