People v Perez (2019 NY Slip Op 00908)





People v Perez


2019 NY Slip Op 00908


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2014-07704
 (Ind. No. 9319/12)

[*1]The People of the State of New York, respondent,
v
Victor Perez, Sr., appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered July 11, 2014, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of assault in the second degree. On appeal, he contends that a new trial is required because the Supreme Court erred in dismissing a sworn juror, the justification instruction given to the jury was erroneous, and he was denied the effective assistance of counsel because his trial counsel failed to object to the instruction given to the jury.
As relevant here, CPL 270.35 provides that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature . . . the court must discharge such juror" (CPL 270.35[1]). The "grossly unqualified" standard "is satisfied only when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (People v Buford, 69 NY2d 290, 298 [internal quotation marks omitted]; see People v Kuzdzal, 31 NY3d 478, 483; People v Spencer, 29 NY3d 302, 309-310; People v Cargill, 70 NY2d 687, 688). In making such a determination, "the trial court must question [the] allegedly unqualified juror individually in camera in the presence of the attorneys and defendant," conducting "a probing and tactful inquiry" into the "unique facts" of each case, including a careful consideration of "the juror's answers and demeanor to ascertain whether her state of mind will affect her deliberations" (People v Buford, 69 NY2d at 299; see People v Spencer, 29 NY3d at 310; People v Dukes, 8 NY3d 952, 953; People v Rodriguez, 71 NY2d 214, 219). A "Trial Judge generally is accorded latitude in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35, because that Judge is in the best position to assess partiality in an allegedly biased juror" (People v Rodriguez, 71 NY2d at 219; see People v Kuzdzal, 31 NY3d at 483; People v Spencer, 29 NY3d at 310). Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in discharging the subject juror as "grossly unqualified."
The defendant's contention that the justification instruction given to the jury was erroneous is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; cf. CPL 470.15[6][a]). The defendant's contention that he received ineffective assistance of counsel is without merit (see People v Baldi, 54 NY2d 137, 147).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court