People v Ortiz (2019 NY Slip Op 01798)





People v Ortiz


2019 NY Slip Op 01798


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-06057
 (Ind. No. 15-00107)

[*1]The People of the State of New York, respondent, 
v
Dillon Ortiz, appellant.


Murray Richman, Bronx, NY (Stacey Richman of counsel), for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered April 14, 2016, convicting him of burglary in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of burglary in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the intent element of burglary in the first degree (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to burglary in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was not entitled to a missing witness charge with respect to one of the victims. The People showed that the victim could not be located despite diligent police efforts, thereby establishing his unavailability to testify (see People v Savinon, 100 NY2d 192, 198; People v Jonas, 18 AD3d 778; People v Bryant, 11 AD3d 630, 631; People v Flowers, 275 AD2d 329, 330).
The defendant correctly contends that his conviction of burglary in the second degree (see Penal Law § 140.25[2]) must be vacated since that count is a lesser included offense of the crime of burglary in the first degree (see Penal Law § 140.30[2]; see also People v Ali, 89 AD3d 1417, 1418; People v Coleman, 82 AD3d 1593, 1595; People v Beverly, 35 AD3d 754; People v Boone, 269 AD2d 459, 460).
The defendant's remaining contentions are without merit.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court