| **A.O. v Diocese of Brooklyn** |
|:---:|
| 2024 NY Slip Op 33806(U) |
| October 23, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 505170/2020 |
| Judge: Alexander M. Tisch |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# KINGS COUNTY

PRESENT:   HON. ALEXANDER M. TISCH                PART          18
                                          *Justice*

-------------------------------------------------------------------X

A.O.,

                              Plaintiff,

                                                - v -

DIOCESE OF BROOKLYN; ST. FINBAR CATHOLIC
CHURCH; ST. FINBAR SCHOOL; CONGREGATION
OF THE CATHOLIC APOSTOLATE (THE
PALLOTTINE SISTERS), AND PALLOTTINE SISTERS
OF THE CATHOLIC APOSTOLATE,

                              Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 505170/2020 |
| MOTION DATE | 3/7/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION AND ORDER
ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 56-70, 84-92, 94-99
were read on this motion to/for                          COMPEL

Upon the foregoing documents, plaintiff's motion, seeking to compel production of the

personnel files of Father Anthony Failla ("Failla") and Father Salvatore Capolarello

("Capolarello") and defendant, The Roman Catholic Diocese of Brooklyn's ("Diocese") cross-

motion seeking a protective order pursuant to CPLR 3103(a), preventing the disclosure of certain

documents, which said defendant argues were redacted based upon the First Amendment,

corrective measures, CPLR 4504, CPLR 4505, CPLR 4507, confidential personal information,

subsequent remedial measures, HIPAA, the Americans with Disabilities Act, and relevancy, are

resolved as follows:

The Court conducted an *in-camera* inspection of the Diocese's personnel files of Fathers

Failla and Capolarello.

**505170/2020 A.O. v. ROMAN CATHOLIC DIOCESE OF BROOKLYN et al**
**Motion No. 003**

[* 1]

Preliminarily, most of the records contained in Capolarello's personal file pertain to a leave that Capolarello requested and are unrelated to the allegations or any similar allegations in the complaint and therefore those records are not relevant.

As discussed in *Melfe v Roman Catholic Diocese of Albany* (196 AD3d 811 [3d Dept 2021]):

> "CPLR 3101 mandates full disclosure of all matter material and necessary in the prosecution or defense of an action" (*Palmatier v Mr. Heater Corp.*, 156 AD3d 1167, 1168 [2017] [internal quotation marks and citations omitted]; *see Forman v Henkin*, 30 NY3d 656, 661 [2018]). "The words, 'material and necessary', are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial" (*Galasso v Cobleskill Stone Prods., Inc.*, 169 AD3d 1344, 1345 [2019] [internal quotation marks and citations omitted]; *see Hayes v Bette & Cring, LLC*, 135 AD3d 1058, 1059 [2016]). The party seeking the discovery bears the burden of proving that the discovery request is reasonably calculated to yield material and necessary information (*see Catlyn & Derzee, Inc. v Amedore Land Devs., LLC*, 166 AD3d 1137, 1141 [2018]). "Supreme Court is vested with broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion" (*Gold v Mountain Lake Pub. Telecom.*, 124 AD3d 1050, 1051 [2015] [internal quotation marks and citations omitted]; *see Div-Com, Inc. v Tousignant*, 116 AD3d 1118, 1119 [2014]).
>
> * * *
>
> The party opposing the discovery request bears the burden of showing the requested items are exempt or immune from disclosure (*see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 155 AD3d 1208, 1209 [2017]), and the opposing party cannot satisfy this burden "with wholly conclusory allegations" (*Madison Mut. Ins. Co. v Expert Chimney Servs., Inc.*, 103 AD3d 995, 996 [2013] [internal quotation marks and citation omitted]).

Many of the issues in this case are functionally identical to those discussed in *Harmon v Diocese of Albany* (204 AD3d 1270 [3d Dept 2022]) and *Doe v Roman Cath. Diocese*, 2022 N.Y. Misc. LEXIS 21372 [Sup Ct, Albany County Nov. 21, 2022, No. 906168-19].

Defendant argues that certain documents are protected from disclosure by the First Amendment, citing numerous cases for the proposition that there are constitutional limitations on the discoverability of internal church documents, where they relate to the internal ecclesiastical process of priest discipline and sacramental status. Multiple Child Victims Act trial courts have rejected identical arguments (*see Maida v Diocese of Brooklyn*, 2023 N.Y. Misc. LEXIS 10356 [Sup Ct, Kings County Feb. 14, 2023, No. 523967/2020]); *C.T. v Diocese of Brooklyn*, 2023 NY Slip Op 33997[U] [Sup Ct, Kings County 2023]; *Doe v Roman Cath. Diocese*, 2022 N.Y. Misc. LEXIS 21372 [Sup Ct, Albany County Nov. 21, 2022, No. 906168-19]).

Here, while the documents at issue are internal church documents, they are not being sought for the purposes of evaluating an internal church dispute or employment matter. Plaintiff claims that he was sexually abused by Failla and Capolarello and that the Diocese was negligent in hiring and supervising Failla and Capolarello. As such, the ultimate issue is whether defendant knew or should have known of Failla's and Capolarello's propensity to abuse children. The fact that defendant is associated with a religion and protected by the First Amendment is irrelevant for the purposes of discovery central to this matter. Said defendant must be treated as this Court would treat any employer accused of such negligence.

Defendant further asserts the protections of CPLR 4505, which creates a statutory privilege of confidential communication between a clergyman and a person seeking spiritual guidance, and the medically associated privileges of CPLR 4504, 4507, HIPAA and the ADA. As discussed in *Krystal G. v. Roman Catholic Diocese of Brooklyn*, 34 Misc.3d 531, 933 N.Y.S.2d 515 (Sup. Ct. Kings Cty. October 14, 2011, Rothenberg, J.) CPLR 4505 "does not provide defendants with blanket immunity from discovery of documents and other items which might involve religious subject matter. Applying the privilege involves 'whether the communication in question was made

505170/2020 A.O. v. ROMAN CATHOLIC DIOCESE OF BROOKLYN et al
Motion No. 003

[* 3]

in confidence and for the purpose of obtaining spiritual guidance' (*People v Carmona*, 82 NY2d 603, 609, 627 N.E.2d 959, 606 N.Y.S.2d 879 [1993]). The privilege 'may not be invoked to enshroud conversations with wholly secular purposes solely because one of the parties to the conversation happened to be a religious minister' (*id.*; *see also Matter of Keenan v Gigante*, 47 NY2d 160, 166, 390 N.E.2d 1151, 417 N.Y.S.2d 226 [1979], cert denied 444 US 887 [1979] ["(t)he priest-penitent privilege arises not because statements are made to a clergyman. Rather, something more is needed … for it is only confidential communications made to a clergyman in his spiritual capacity which the law endeavors to protect"]).

The Diocese also seeks to redact or withhold documents based on CPLR 4504, HIPPA and ADA. In most instances, "once a patient puts the information into the hands of a third party who is completely unconnected to his or her treatment and who is not subject to any privilege, it can no longer be considered a confidence and the privilege must be deemed to have been waived as to that information" (*Farrow v Allen*, 194 AD2d 40, 44 [1st Dept 1993]; *see also People v Pagan*, 190 Misc 2d 474 at 475-476 [Sup Ct, Kings County 2002]). The Diocese argues that in the Second Department there is an exception to the waiver of privilege when an employer obtains records regarding psychological and spiritual counseling (*see Friel v. Papa*, 87 A.D.3d 1108, 1109-1111). The records in the instant matter, however, are analogous to the records reviewed in *Maida v. Diocese of Brooklyn*, another Kings County case, where that Court distinguished the records at issue from the records in *Friel* (*see Maida v Diocese of Brooklyn*, 2023 N.Y. Misc. LEXIS 10356, at *9-11 [Sup Ct, Kings County Feb. 14, 2023, No. 523967/2020]). In *Friel*, the Priest "executed an authorization which strictly limited the disclosure of his medical information to certain individuals for a limited period of time and purpose" (*Id.* at 1111). Here, as in *Maida*, there is no information that there was a limited authorization to certain people or for a limited time or that

505170/2020 A.O. v. ROMAN CATHOLIC DIOCESE OF BROOKLYN et al
Motion No. 003

there was any authorization at all. The documents indicate that the Diocese, at least on some occasions, reached out to St. Luke Institute to initiate treatment. Further St. Luke Institute and other mental health documents are addressed to members of the Diocese or are letters from the Diocese to mental health providers. As in *Maida*, the documents in the instant matter are not medical records but letters. The only document that could possibly be read as a medical document is contained in AFJ000076-AFJ000083. This document is addressed to the Diocese and Failla is carbon copied. Further, this same document notes that Father Vaccari attended the evaluation feedback session. As such, the majority of the mental health records should be produced.

The Diocese also seeks to exclude certain records on the basis that they relate to subsequent remedial measures and of relevancy. Many of the documents relate to an investigation of Failla and are not corrective measures regarding either ecclesiastical matters or implementing new policies or trainings. Disciplinary records, particularly when there is an allegation of negligent supervision, are discoverable (*see Staten v City of NY*, 90 AD3d 893, 895 [2d Dept 2011]; *see also Levin v City of Rochester*, 203 AD3d 1540 [3d Dept 2022]). Further, the First Department recently held that discovery demands "were proper insofar as they sought any documents or information, regardless of when created or gathered, that shed light on what the Archdiocese knew or should have known regarding the accused priest's alleged sexual abuse of children both at the time of plaintiff's alleged abuse and prior to such time" (*McNierney v Archdiocese of NY*, 221 AD3d 489, 489 [1st Dept 2023]).

The Diocese also argues that subsequent bad acts should be redacted based on relevancy. In *Pisula v R.C. Archdiocese of NY*, 201 AD3d 88 [2d Dept 2021]), the court struck subsequent bad acts from the complaint but noted that the decision had no bearing on pretrial discovery or admissibility of evidence and in fact said there may be reasons the court may allow subsequent

505170/2020 A.O. v. ROMAN CATHOLIC DIOCESE OF BROOKLYN et al
Motion No. 003

[* 5]

bad acts into evidence (*id.* at 111). In *J.L.* the Court found that "Plaintiff is also entitled to information regarding [priest's] assignments before and after the abuse of Plaintiff, complaints or reports of inappropriate conduct [and that]. . . even documents that post-date Plaintiff's abuse-could be evidence corroborating Plaintiff's allegations and refuting Defendant's defense that Plaintiff was not abused" (*J.L. v. The Archdiocese of New York et al*, Bronx County Supreme Court, August 5, 2024, Kraus, J., index No. 70029/2019E [NYSCEF Doc. No. 90 at 5]). As this motion only addresses the issue of discovery and not admissibility, all records relating to alleged incidents of abuse are discoverable.

In light of the foregoing, the Court denies redactions, in part, for the following pages:

Capolarello:

- SLC000101, SLC000140 (unredact dob only), SLC000148 (unredact doctor's name only) SLC000150 (unredact doctor's name only), SLC000155, SLC000161, SLC000163 (unredact personal and occupational history sections only)

Failla:

- AJF000003 (unredact paragraph regarding Failla only), AJF000006 (unredact paragraph regarding Failla only), AJF000009 (unredact paragraph regarding Failla only), AFJ000017 (unredact dob only), AJF000043, AJF000049, AJF000058, AJF000064 (except last sentence in second paragraph), AJF000065, AJF000066, AJF000069-AJF000073, AJF000074 (except second to last paragraph), AJF000075-AJF000087, AJF000117, AJF000124-AJF000128, AJF000137, AJF000138, AJF000140, AJF000141, AJF000155-AJF000157, AJF000164-AJF000168, AJF000170, AJF000172, AJF000173, AJF000176-AJF000183, AJF000186-AJF000198

**505170/2020 A.O. v. ROMAN CATHOLIC DIOCESE OF BROOKLYN et al**
**Motion No. 003**

The Court notes that a significant number of pages or portions of pages of the personnel files sought to be withheld or redacted on First Amendment or relevancy grounds should be granted. The redactions contain only information as to ecclesiastical decisions or are not relevant for reasons including, they are medical documents regarding physical health, and documents regarding post-retirement, and/or documents regarding other members of the clergy.

ORDERED that plaintiff's motion seeking to compel discovery is granted to the extent set forth above (motion sequence no. 003); and it is further

ORDERED that defendant shall exchange the records detailed in this order within thirty days after service of a copy of the order with notice of entry.

This constitutes the decision and order of the Court.

___October 23, 2024___
DATE

_____
ALEXANDER M. TISCH, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**505170/2020 A.O. v. ROMAN CATHOLIC DIOCESE OF BROOKLYN et al**
**Motion No. 003**

[* 7]